**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ERMENEGILDO PISTRITTO and SEBASTIAN PISTRITTO,**

          **Plaintiffs,**

**-vs-**                                    **Case No. 6:10-cv-1167-Orl-22KRS**

**TIM SCOTT and CONSOLIDATED ENVIRONMENTAL ENGINEERING LLC,**

          **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO APPROVE THE PARTIES' PROPOSED SETTLEMENT AND ENTER DISMISSAL WITH PREJUDICE (Doc. No. 22)**
>
> **FILED:**    **January 18, 2011**

**I. PROCEDURAL HISTORY.**

Plaintiffs Ermenegildo Pistritto and Sebastian Pistritto and Defendants Consolidated Environmental Engineering, LLC and Tim Scott seek the Court's approval of their settlement of claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*

**II. APPLICABLE LAW.**

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement

for fairness." *Id.* at 1353. In *Silva v. Miller*, 307 F. App'x. 349, 351 (11th Cir. Jan. 13, 2009)(unpublished case cited for persuasive authority), the Eleventh Circuit observed that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at 351 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case in which a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 Fed. App'x. at 351. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

**III. ANALYSIS.**

In the present case, Plaintiffs are agreeing to accept less in the settlement than the amount of overtime compensation they averred they were owed in their answers to interrogatories. Plaintiffs represent, through counsel, that they voluntarily agreed to this amount in light of the disputes about FLSA coverage and computation of overtime compensation due. Doc. No. 22 at 2. This settlement amount is more than the back wages allegedly owed to Plaintiffs, but less than the total amount allegedly owed, including liquidated damages. *Id.* Therefore, the facts and circumstances underlying the settlement have been adequately disclosed.

for fairness." *Id.* at 1353. In *Silva v. Miller*, 307 F. App'x. 349, 351 (11th Cir. Jan. 13, 2009)(unpublished case cited for persuasive authority), the Eleventh Circuit observed that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at 351 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case in which a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 Fed. App'x. at 351. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

**III.   ANALYSIS.**

In the present case, Plaintiffs are agreeing to accept less in the settlement than the amount of overtime compensation they averred they were owed in their answers to interrogatories. Plaintiffs represent, through counsel, that they voluntarily agreed to this amount in light of the disputes about FLSA coverage and computation of overtime compensation due. Doc. No. 22 at 2. This settlement amount is more than the back wages allegedly owed to Plaintiffs, but less than the total amount allegedly owed, including liquidated damages. *Id.* Therefore, the facts and circumstances underlying the settlement have been adequately disclosed.

Because both Plaintiffs have compromised their FLSA claims, the Court must consider whether the payment to Plaintiffs' attorney is reasonable, to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiffs agreed to accept. Counsel for Plaintiffs states in the Joint Motion to Approve the Parties' Proposed Settlement and Enter Dismissal with Prejudice that the attorney's fee was separately negotiated from Plaintiffs' recovery. Doc. No. 22 at 3. When the attorneys' fee was agreed upon separately, without regard to the amount paid to the plaintiff, then, "unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.*, No. 6:07-cv-1335-Orl-31GJK, 2009 WL 2371407, at *5 (M.D. Fla. Aug. 4, 2009). Here, the settlement appears reasonable on its face and there is no reason to believe that Plaintiffs' recovery was adversely affected by the amount of fees paid to their attorney. Therefore, the Court may approve this settlement without considering the reasonableness of the attorneys' fees.

Accordingly, I recommend that the Court find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354. The Court need not approve the other provisions of the settlement agreements. I recommend that the Court not approve the settlement agreements as a whole or reserve jurisdiction to enforce them.

## IV. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court do the following:

1. **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2. **GRANT in part** the Joint Motion to Approve the Parties' Proposed Settlement and Enter Dismissal with Prejudice, Doc. No. 22;

3. **PROHIBIT** counsel for Plaintiffs from withholding any portion of the $3,500.00 payable to each Plaintiff under the settlement agreements pursuant to a contingent fee agreement or otherwise;

4. **ORDER** counsel for Plaintiffs to provide a copy of the Court's Order to Plaintiffs;

5. **DECLINE** to reserve jurisdiction to enforce the settlement agreements;

6. **DISMISS** the case with prejudice; and,

7. **DIRECT** the Clerk to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 2, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy